United States District Court
Southern District of Texas
**ENTERED**
January 18, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-3971 |
| | § | |
| $62,200.00 IN U.S. CURRENCY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This is a forfeiture action by the United States against property allegedly received in exchange for controlled substances or listed chemicals in violation of the Controlled Substances Act, 21 U.S.C. § 80 *et seq.* (Docket Entry No. 1). Leonel Sanchez, as bailee of the property owner, filed a claim for the return of the property, (Docket Entry No. 6), and filed an answer to the government's complaint. (Docket Entry No. 10).

In November 2022, the United States moved for sanctions against Sanchez for his failure to participate in discovery. (Docket Entry No. 24). Treating that motion as a motion to compel, the court ordered Sanchez to respond to the government's discovery requests by December 2, 2022. (Docket Entry No. 25). The government provided notice of the court's order to Sanchez. (Docket Entry No. 26-2). The government has now renewed its motion for sanctions, asking that the court strike Sanchez's claim and answer. (Docket Entry No. 26). Sanchez did not respond to the discovery requests as ordered by the court, has not communicated with the government, and has not responded to either the original or renewed motion.[1]

---

[1] The court notes that the claimant did not reliably communicate with his own prior counsel in this matter, leading that attorney to withdraw from his representation. *See, e.g.,* Unopposed Motion for Richard M. Barnett, A Professional Law Corporation to Withdraw as Attorney. (Docket Entry No. 19).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party to a civil proceeding in federal court "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  Such orders include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." The Fifth Circuit has affirmed the use of such sanctions for willful failure to participate in discovery as part of a civil forfeiture action such as this. *See, e.g.*, *United States v. Real Prop. Known as 200 Acres of Land near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 660 (5th Cir. 2014).

Sanchez has not obeyed the court's order compelling him to provide discovery to the government, (Docket Entry No. 25), and has otherwise failed to participate in this matter.  The government asks court to strike the Sanchez's claim and answer to the government's complaint, which would have the effect of dismissing the claim.  In this situation, where the claimant has refused to obey a court order and otherwise stopped participating in the prosecution of his claim, such relief is appropriate.  Because striking the claim has the effect of a dismissal, the court will dismiss the claim, with prejudice.

The court grants the renewed motion for sanctions.  (Docket Entry No. 26).  Sanchez's claim, (Docket Entry No. 6), is dismissed, with prejudice.  Sanchez's answer to the complaint, (Docket Entry No. 10), is stricken from the record.

SIGNED on January 18, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge