United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-21-3971 |
| § | |
| $62,200.00 IN U.S. CURRENCY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

The United States has moved for the entry of default and a default judgment against the defendant property in this forfeiture action. The court previously granted the United States' motion for sanctions, dismissing Leonel Sanchez's claim to the property and striking his answer to the complaint. (Docket Entry No. 27).

**I.    The Legal Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

For the court to enter default judgment in an *in rem* forfeiture action, the complaint must satisfy the pleading requirements of Supplemental Rule G. *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990). The complaint must:

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

>   (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;
>
>   (e) identify the statute under which the forfeiture action is brought; and
>
>   (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

FED. R. CIV. P. G(2). The government must provide notice to potential claimants. *Id.* G(4)(a). Additionally, as in all *in rem* actions, the government must "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *Id.* E(2)(a).

Civil forfeitures are subject to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983(c)(1). The government must demonstrate by a preponderance of the evidence that the defendant property is subject to forfeiture. *Id.*

## II.     Analysis

The government's motion describes acceptable notice under Rule G. (Docket Entry No. 28 ¶ 3). The notice was sufficient for Leonel Sanchez to file a claim contesting forfeiture. (Docket Entry Nos. 6, 10). Sanchez's claim was dismissed and his answer stricken as sanction for his failure to participate in discovery. (Docket Entry No. 27).

The government's complaint is verified by DEA Special Agent Lawrence Lilly. (Docket Entry No. 1 at 9). The government has sufficiently pleaded jurisdiction and venue. (*Id.* ¶¶ 6–6). The government brings this forfeiture action under 21 U.S.C. § 881(a)(6). (*Id.* ¶ 7). Section 881(a)(6) provides for the forfeiture to the United States of the following:

>   All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

The government alleges that, in June 2021, Houston Police Department Narcotics Division officers were monitoring passengers at George Bush Intercontinental Airport congregated near the gate from which United Airlines Flight 1647 was scheduled to depart to Los Angeles. (Docket Entry No. 1 ¶ 8). The officers noticed Leonel Aguilera Sanchez near that gate. (*Id.* ¶ 9). Sanchez had no carry-on luggage save a small shoulder bag across his chest. (*Id.*). An officer approached Sanchez, identified himself as a police officer, and requested to speak to him. (*Id.*). Sanchez consented. (*Id.*). After speaking to Sanchez about the purpose of his trip to Houston, the officer asked if Sanchez was transporting any contraband. Sanchez replied that he was transporting an unknown quantity of money. (*Id.* ¶ 12). Sanchez informed the officer that the money was in his checked bag. (*Id.*). Sanchez provided his checked bag identification to the officer. (*Id.* ¶ 13).

A K-9 officer found Sanchez's suitcase, and the dog alerted to the presence of a narcotic. (*Id.* ¶ 15). Following some conversation and having been informed that, were the officers to obtain a search warrant, he would be delayed, Sanchez consented to a search of his suitcase. (*Id.* ¶ 17). The suitcase contained dryer sheets, clothing, and stacks currency bound with rubber bands. (*Id.*). The suitcase contained $60,000. (*Id.* ¶ 20). Sanchez also disclosed, when asked, that he about $2,000 in his wallet. (*Id.*). The K-9 officer's dog alerted to both sets of currency. (*Id.* ¶ 18). Officers seized the $62,200 and provided Sanchez with a receipt. (*Id.* ¶ 20). The United States does not allege that Sanchez has been charged with a criminal offense.

The allegations of the complaint meet the pleading requirements of Rule G. The government's allegations establish that Sanchez checked luggage and had on his person a sizable amount of cash, that he provided vague or dissembling responses in response to officers' questions, and that a K-9 officer's dog alerted to the presence of narcotics on or in Sanchez's suitcase. While

each is not independently dispositive, the allegations in the complaint, taken together, are probative that the property was furnished for, or traceable to, a transaction involving controlled substances. *See, e.g.*, *United States v. $48,800, More or Less, in U.S. Currency*, 2018 WL 1404408, at *3–5 (W.D. Tex. March 20, 2018) (finding possession of large amounts of cash and dog alert to be probative of a basis for forfeiture).

The government's allegations have clearly stated the circumstances under which its claim arises, and a preponderance of the evidence supports forfeiture. The claimant's refusal to participate in discovery, and the court's sanctions dismissing him from this case, means that default judgment is proper under the circumstances. *See, e.g.*, *United States v. One 1978 Piper Navajo PA–31, Aircraft*, 748 F.2d 316, 317 (5th Cir.1984).

**III.     Conclusion**

The motion for default judgment is granted. A final judgment and order of forfeiture will be separately entered.

SIGNED on March 6, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge